Minute Order Form (06/97)

JSC

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8622 | DATE | OCT. 3, 2002 |
| CASE TITLE | ROBERT MILLER v. LIEUTENANT WRIGHT, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The court grants defendants' motion for summary judgment [20-1]. The Clerk of the Court is directed to enter judgment in favor of defendants Clarence Wright, Charles Best, and Walter Laseter and against plaintiff Robert Miller dismissing plaintiff's cause of action with prejudice.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/3/2002 | |
| | | | date mailed notice | |
| | CH courtroom deputy's initials | 02 OCT -3 PM 1:40 | mqm mailing initials | |

U.S. DISTRICT COURT
CLERK

Date/time received in central Clerk's Office

DOCKETED
OCT 4 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 01 C 8622 |
| | ) | |
| LIEUTENANT WRIGHT, et al., | ) | HON. WILLIAM T. HART |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Robert Miller, an inmate currently at Logan Correctional Center, filed this § 1983 complaint against three prison correctional officers at Stateville Correctional Center on November 8, 2001. The complaint alleges that these guards used excessive force on Miller on February 24, 1997.

Defendants Clarence Wright, Charles Best, and Walter Laseter filed a motion to dismiss the complaint on May 3, 2002. On May 15, 2002, this court ordered that the motion to dismiss be converted to a motion for summary judgment, and on July 12, 2002, the defendants filed a memorandum in support of that motion. On August 13, 2002, the court gave Miller until September 13, 2002, to respond to defendants' motion, stating that the court would rule without benefit of Miller's views if he did not respond to the motion for summary judgment by that date. Because Miller failed to file a response by that date, the court is making its ruling without benefit of his views.

27

The primary question posed by the motion for summary judgment is whether the complaint was filed in a timely fashion. The court concludes that it was not.

## Standard of Review on a Motion for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In short, summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to summary judgment as a matter of law. *See O'Connor v. DePaul University*, 123 F.3d 665, 669 (7th Cir. 1997), citing *Celotex* at 322. In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *See Regner v. City of Chicago*, 789 F.2d 534, 536 (7th Cir. 1986). When the district court is presented with a motion for summary judgment, it is not the district court's role to sift through the evidence and decide whom to believe. The court will, however, enter summary judgment against a party who does not come forward with evidence that would reasonably permit a finder of fact to find in his or her favor on a material question. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, to defeat a motion for summary judgment, the nonmoving party must come forward with appropriate evidence demonstrating that there is a pending dispute of material fact. *Id.* at 921. He or she must set forth specific facts showing that there is a genuine issue for trial, i.e., that there is sufficient evidence allowing a jury to return a verdict in favor of the nonmoving party. *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994).

## Facts

In his complaint, Miller alleges that on February 24, 1997, at about 11:20 p.m., defendant Walter Laseter used excessive force on Miller. He further alleges that later that night, defendants Clarence Wright and Charles Best also used excessive force on him, causing injuries that included a cracked rib.

Miller further alleges that he filed a grievance concerning these facts, and that the result was that his grievance was "denied on all levels." He adds that "the result was denied on one and [the] other one [was] denied as the inmate's allegations are substantiated, then review[ed] in [Springfield] 11-4-99 and denied as the inmate's allegations are not [substantiated]."

The defendants have attached a number of documents to their motion to dismiss, now their motion for summary judgment. These include

- a letter sent by Miller to this court, filed on December 12, 2001;

- an affidavit by Nancy S. Tucker, an Administrative Review Board (ARB) chairperson who reviewed the Miller case in 1999 and sent Miller a letter dated November 4, 1999;

- a copy of the grievance procedure followed in Illinois institutions;

- the report of a meeting of the ARB on July 9, 1997, in which Miller's grievance (grieving a disciplinary report dated February 24, 1997) was reviewed;

- the report of a meeting of the ARB on October 15, 1997, in which Miller's grievance regarding excessive force was reviewed; and

- the letter, signed by Nancy S. Tucker, sent to Miller by the ARB on November 4, 1999.

On March 24, 2002, Miller wrote another letter to the court, filed March 29, 2002, stating

"Here is another paper to show my case was [filed] in a timely manner." He attached a second letter from Nancy Tucker; the second letter is dated January 10, 2002.

The court will discuss the significance of each of these documents.

Miller's Letter

In his letter to the court, dated December 7, 2001, and filed with the court on December 12, 2001, Miller states that "there's really no excuse for me being untimely late." He goes on, however, to ask the court not to dismiss his suit because he was "under the impression" that he was "awarded another two years" in which to file suit because he thought his case was "reopened" when the Administrative Review Board notified him in a letter dated November 4, 1999, that there had been a clerical error in its letter of October 15, 1997, denying his grievance. Miller attached to this letter a copy of the letter by Nancy Tucker that is described below.

The Reports of the ARB Meetings of July 9, 1997, and October 15, 1997

The first ARB meeting considered Miller's grievance regarding a disciplinary report filed against him for assaulting a correctional officer. Miller claimed that he kicked the officer only after the officer had used excessive force on him. The ARB concluded that Miller had committed the infraction and recommended that this grievance be denied. This denial letter, dated July 9, 1997, is irrelevant at this point in the proceedings.

The second ARB meeting considered Miller's grievance regarding the use of excessive force on him by the three defendants in this suit. The ARB recommended that this grievance be denied. The entire sentence reads as follows, however: "Based upon a review of all available information, the Panel recommends the inmate's grievance <u>be denied as the inmate's allegations</u>

are substantiated." (Emphasis added) This denial letter, dated October 15, 1997, is the focus of the motion for summary judgment.

Nancy Tucker's Letters

Nancy Tucker, chairperson of the ARB office of inmate issues, sent Miller a letter dated November 4, 1999. This letter stated in pertinent part: "This correspondence will serve as clarification of the [ARB] report dated October 15, 1997, regarding your grievance of staff conduct (excessive force) at [Stateville] on February 24, 1997. It has been brought to this Chairperson's attention that the recommendation of the Panel contained a clerical error. The recommendation...is hereby amended to reflect 'Based upon a review of all available information, the Panel recommends the inmate's grievance be denied as the inmate's allegations are not substantiated.'" (Emphasis added)

Miller attached Tucker's second letter to him, dated January 10, 2002, to a letter he filed with the court on March 29, 2002. The second letter uses similar language to repeat Tucker's statements in her earlier letter to Miller, dated November 4, 2001.

Nancy Tucker's Affidavit

Tucker's affidavit, signed April 1, 2002, discusses her role as a chairperson with the ARB, whose duties include reviewing and responding to grievances filed by inmates. After describing the grievance procedure in general, she focuses on Miller's situation. She states the following: "At the request of the Attorney General's Office, a search of ARB records regarding Inmate Miller....was conducted." His grievance regarding excessive force on February 24, 1997, "only requested that 'action' be taken against [defendants Wright and Best]." The grievance was denied by the Director on October 15, 1997. She adds: "The ARB was notified by institutional staff there

5

may be a clerical/typographical error in the recommendation portion of the October 15...report....
Therefore, I addressed a letter dated November 4, 1999 to Inmate Miller correcting a
typographical error noted [in that report]. The November 4, 1999, letter did not affect, or alter the
finality of the grievance denial addressed on October 15, 1997."

Tucker's affidavit does not explain why the Attorney General's Office requested the search of Miller's ARB records or why, after a two-year lapse, she issued the November 4, 1999, letter to correct the typographical error.

## Analysis

The main issue presented by the motion for summary judgment is clear: Did Miller file his lawsuit in a timely manner, that is, within the Illinois statute of limitations? The court concludes that he did not, and therefore grants the defendants' motion for summary judgment.

*Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all § 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2000), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989). Because more than two years have elapsed since Miller's claim against the defendants arose, this action is time-barred. The court has given Miller an opportunity to show otherwise. For the following reasons, his attempt to do so has failed.

Miller alleges that he was injured by three prison officers at Stateville on February 24, 1997. The court will assume for purposes of discussion that he was injured on that date. Following his injury, he filed two grievances, only one of which–the one grieving the assault by the prison officers–is relevant here.

On October 15, 1997, the ARB issued a letter denying Miller's grievance. The letter, signed by Nancy Tucker, stated: "Based upon a review of all available information, the Panel recommends the inmate's grievance <u>be denied</u> as the inmate's allegations <u>are substantiated</u>." (Emphasis added) As Tucker's affidavit later admitted, the letter contained what she has called a "typographical" or "clerical" error. The error is more serious than that. The sentence omitted an extremely important word: "not." Omitting the word "not" can completely change the meaning of a sentence. In this case, however, the omission did <u>not</u> completely change the meaning of this sentence. The sentence still states that Miller's grievance was "denied."

Even though Miller appears to lack a sophisticated understanding of the English language, and even though the word "not" was omitted, the meaning of the October 15, 1997 letter is still reasonably clear. When the letter stated the ARB recommendation that "the inmate's grievance be denied," Miller must have understood that his grievance was indeed denied, regardless of the erroneous language that followed. His complaint acknowledges that his grievance was "denied at all levels." Thus, even though the phrase that followed the recommendation that "the inmate's grievance be denied" made no logical sense, it is doubtful that Miller seized upon that language and assumed that his grievance was in fact granted. If anything, the phrase was so inartfully constructed that Miller may not have fully grasped its significance (or lack of it).

The language used in this letter was unfortunate, not only because of the error it

7

contained, but also because it was so poorly crafted as a whole. Anyone familiar with the concept of "plain English," a concept that promotes clarity in language, would disapprove of the confusing language used in the letter. The sentence at issue contained two examples of passive voice, a heavy reliance on nouns, and an improper use of the phrase "based on." These language problems make it difficult for a reader to understand the ideas expressed in the sentence, particularly for a reader who, like Miller, is not merely uneducated in the law (as he himself has stated) but almost certainly lacks a good educational grounding in general.

The follow-up letter dated November 4, 1999, is equally flawed. Miller states that when he read it, he believed that his case had been "reopened." The court gives little credence to this assertion. If, however, the ARB had used plain English in writing this letter, with the goal of communicating exactly what the letter intended, it would have been perfectly clear to anyone reading it, including Miller, that the letter was merely a correction and did not change anything regarding his previously denied grievance. Unfortunately, the ARB's language was once again unnecessarily confusing.

Nevertheless, despite the confusing way in which both the October 15,1997 letter and the follow-up letter were crafted, the court concludes that Miller understood that the October 15, 1997 letter was a final decision that denied his grievance. It was at that point, on October 15, 1997, that the statute of limitations began to run.

Miller now claims that when the ARB decided to inform him in November 1999 of the error in the October 15, 1997 letter, he believed that he could file a viable lawsuit within two years of the letter dated November 4, 1999. But Miller was mistaken. He has let too much time pass. He was put on notice on October 15, 1997, that his grievance was denied. Under Illinois

law, he had two years from that date to file a lawsuit. He cannot use the letter dated November 4, 1999, as a platform allowing him two years from that date to file his suit. The Illinois statute of limitations applied to bar this claim after October 15, 1999.

For the foregoing reasons, there is no genuine issue of material fact and defendants' motion for summary judgment will be granted on the ground that the complaint filed on November 8, 2001 was untimely.

If plaintiff wishes to appeal the judgment, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he does so, he will be liable for the $105 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Newlin v. Helman*, 123 F.3d 429 434 (7th Cir. 1997). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3); *Newlin*, 123 F.3d at 433-34. To avoid a finding that the appeal is not taken in good faith, a motion to proceed *in forma pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999); *Newlin*, 123 F.3d at 433; Fed. R. App. P. 24(a)(1)(C).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [20-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants Clarence Wright, Charles Best, and Walter Laseter and against plaintiff Robert Miller dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a

Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. See Fed. R. App. P. 4(a)(4).

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 3, 2002